NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated, | Civil Action No. 12-cv-05870 (SDW) (SCM) |
| Plaintiff, | **OPINION** |
| v. | |
| NORDIC NATURALS, INC., | January 5, 2015 |
| Defendant. | |

**WIGENTON**, District Judge.

This matter comes before the Court upon Defendant Nordic Naturals, Inc.'s ("Defendant" or "Nordic Naturals") Motion for Sanctions against *pro se* Plaintiff, Harold M. Hoffman, pursuant to Fed. R. Civ. P. 11. (ECF No. 37). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons expressed herein, this Court declines to impose sanctions at this time.

## I.  BACKGROUND[1]

On August 15, 2012, Plaintiff, an attorney, filed a pro se class action Complaint against Defendant in the Superior Court of New Jersey, Bergen County, Law Division. (ECF No. 1-1). In the Complaint, Plaintiff asserts that he purchased Defendant's product, *Nordic Naturals Ultimate Omega* ("Ultimate Omega"), an Omega-3/Omegal-9 fatty acid fish oil supplement, "in or about May of 2012." (Compl. ¶ 1). Plaintiff alleges that Defendant presented false representations about the quality, testing and labelling standards it employed with respect to

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

1

Ultimate Omega.  (Compl. 1-2, ¶ 10).  Specifically, Plaintiff claims that "based upon sophisticated, independent laboratory analysis, Defendant's product contained 311% of the claimed concentration of Omega-9 Oleic Acid, a mono-unsaturated fatty acid associated with increased risk of certain cancers as well as respiratory distress syndrome."  (Compl. at Overview).  Based on these allegations, Plaintiff asserted the following claims: (1) Violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 (Counts I-V); (2) Common Law Fraud (Count VI); (3) Unjust Enrichment (Count VII); (4) Breach of Express Warranty (Count VIII); and (5) Breach of the Implied Warranty of Merchantability (Count IX).

On September 19, 2012, Nordic Naturals removed the matter to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).  (Notice of Removal, ECF No. 1).  On September 24, 2012, Plaintiff filed a motion to remand the case to state court.  (ECF No. 6).  Plaintiff argued that he would be unable to represent both himself and a putative class because a named Plaintiff may not also serve as class counsel in federal court.  Thus, Plaintiff claimed that his dual role as class representative negates CAFA jurisdiction because it nullifies class certification in federal court thereby making it impossible for Plaintiff to recover the $5,000,000 minimum jurisdictional amount required under the CAFA.  On April 3, 2013, Magistrate Judge Joseph A. Dickson ("Judge Dickson") issued a Report and Recommendation ("R&R") expressly rejecting Plaintiff's argument that his dual role unilaterally divested this Court of subject matter jurisdiction.  (ECF No. 16).  On April 15, 2013, this Court adopted Judge Dickson's R&R in its entirety as the Opinion of the Court.  (ECF No. 19).

Thereafter, Defendants filed a motion for judgment on the pleadings before this Court, arguing that Plaintiff's Complaint is preempted by federal law because food labeling requirements are governed by the Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.,* as amended by the

2

Nutrition Labeling and Education Act, 21 U.S.C. §§ 341, *et seq.*, and that Plaintiff's claims were insufficiently pled altogether. (ECF No. 24). On April 14, 2014, this Court granted Nordic Naturals' motion for judgment on the pleadings and dismissed Plaintiff's Complaint without prejudice. (See ECF No. 35). Nevertheless, this Court, *sua sponte*, granted Plaintiff the option to "submit an amended complaint within 30 days . . ." (ECF No. 36).

On April 29, 2014, Plaintiff filed an identical class-action Complaint ("Hoffman II Complaint") against Nordic Naturals in the Superior Court of New Jersey, Law Division, Bergen County. (See Def. Br., McDonald Decl., ¶ 14.) The claims asserted in the Hoffman II Complaint are premised on the same purchase by Mr. Hoffman, of the same Nordic Naturals' product, and raises the same causes of action that this Court deemed insufficiently pled and dismissed by its April 14, 2014 Opinion and Order.  (Compare Civil Action No. 12-5870, ECF No. 1 and Civil Action No. 14-3291, ECF No. 1). On May 2, 2014, Defendants filed the instant motion for sanctions and to recover costs, counsel fees, and damages incurred in answering Plaintiff's claims and in filing the instant motion pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Civil Action No. 12-5870, ECF No. 37).  Hoffman II was removed to federal court on May 22, 2014. (Civil Action No. 14-3291, ECF No. 1).

**II.     DISCUSSION**

Fed. R. Civ. P. 11 "imposes on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." <u>Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.</u>, 498 U.S. 533, 551 (1991). "[R]easonableness [under the circumstances is] defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." <u>Ford Motor Co. v. Summit</u>

3

Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Id. (citations and internal quotations omitted). "Courts . . . have denied sanctions where the law and facts, even if not adopted by the court, are ambiguous and could be reasonably interpreted in more than one way." In re Cendant Corp. Derivative Action Litig., 96 F. Supp. 2d 403, 405 (D.N.J. 2000) (citing Ford Motor, supra, 930 F.2d at 289–90).

Defendant asserts that this Court should impose sanctions because Plaintiff continues to pursue his unmeritorious lawsuit and has resorted to "vexatious litigation tactics" with the intent to "punish Defendant for not acceding to [his] absurd settlement demands." Def. Br. P. 1. Plaintiff counters that he was authorized to file a "fresh complaint" in state court by this Court's April 17, 2014 order. Pl. Br. P. 6.

Plaintiff's interpretation of this Court's Order is inaccurate. In pertinent part, this Court's Order stated, verbatim, "ORDERED that Plaintiff may submit an amended complaint within thirty (30) days from the issuance of this order." (ECF No. 36). Clearly, Plaintiff was invited to amend his deficient pleadings before this Court, and certainly not to file a new one in state court. Furthermore, this Court's denial of Plaintiff's motion to remand this matter to state court provided a clear indication that Plaintiff's claims are appropriately in federal court. (See Civil Action No. 12-5870, ECF No. 14 & 19).

Notwithstanding, Defendant's motion for sanctions and fees is denied. Plaintiff will be granted benefit of the doubt that he misapprehended this Court's Order when he filed a duplicative state court complaint. Plaintiff, however, is strongly cautioned not to mistake this Court's leniency for tacit endorsement of any underhanded litigation tactics. Plaintiff is playing a thinly veiled game of forum shopping by presenting claims that have been invalidated in federal court as a "fresh

complaint" in state court. Such tactics reek of gamesmanship and may warrant sanctions in the future.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for sanctions and fees is **DENIED**. An order consistent with this Opinion will follow.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Parties
        Magistrate Judge Steven C. Mannion